FILED

NOV 0 6 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY            DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS J. LEWIS and<br>LETICIA G. LEWIS,<br><br>                              Plaintiffs,<br><br>v.<br><br>CHASE AIRPORT<br>MANAGEMENT INC.; COUNTY<br>OF SAN DIEGO; FEDERAL<br>AVIATION ADMINISTRATION;<br>and DOES 1-100,<br><br>                              Defendants. | Case No.:  3:19-cv-01152-WQH-NLS<br><br>**ORDER** |

HAYES, Judge:

The following matters are pending before the Court: 1) the Motion to Dismiss filed by Defendant Chase Airport Management Inc. (ECF No. 4); 2) the Motion to Dismiss filed by Defendant Federal Aviation Administration (ECF No. 6); and 3) the Motion to Dismiss filed by Defendant County of San Diego (ECF No. 9).

## BACKGROUND

On April 2, 2019, Plaintiffs Thomas J. Lewis and Leticia G. Lewis initiated this action by filing a Complaint in the Superior Court of California, County of San Diego. (Def.'s Notice of Removal, ECF No. 1 at 1).  On May 22, 2019, Plaintiffs filed the First

1   Amended Complaint ("FAC") against Defendants Chase Airport Management Inc.
2   ("Chase"); the Federal Aviation Administration ("FAA"); and the County of San Diego
3   ("County"). *Id.* at 5. Plaintiffs bring claims for (1) negligence; (2) harassment; (3) hostile
4   work environment; (4) hostile living environment; and (5) emotional distress. *Id.* Plaintiffs
5   seek to "[h]old [Defendants] Doe [P]ilots criminally accountable," declaratory relief, an
6   unspecified sum in compensatory damages, and punitive damages in the amount of
7   $25,000,000.00. *Id.* at 6.

8       On June 25, 2019, Defendant Chase filed a Motion to Dismiss for failure to state a
9   claim. (ECF No. 4). On June 26, 2019, Defendant FAA filed a Motion to Dismiss for lack
10  of subject matter jurisdiction (ECF No. 6), supported by a Declaration (George Decl., ECF
11  No. 6-2 at 1-2) and Plaintiffs' Administrative Claim to the FAA (Ex. A to George Decl.,
12  ECF No. 6-2 at 4). On the same day, Defendant County filed a Motion for More Definite
13  Statement, or, in the alternative, a Motion to Dismiss for failure to state a claim and a
14  Motion to Strike Plaintiffs' prayer for punitive damages (ECF No. 9), supported by a
15  Request for Judicial Notice (ECF No. 9-2).

16      On July 29, 2019, Plaintiffs filed a Response in Opposition to Defendants' Motion
17  to Dismiss for failure to state a claim (ECF No. 15), supported by attachments (ECF No.
18  15 at 10-40).

19      On July 31, 2019, Defendant County filed a Reply. (ECF No. 16). On August 12,
20  2019, Defendant FAA filed a Reply. (ECF No. 17).

21      On August 15, 2019, Plaintiffs filed a Response in Opposition to Defendant County
22  of San Diego's Motion to Dismiss. (ECF No. 19). On August 22, 2019, Plaintiffs filed a
23  Response to Defendant FAA's Reply Brief in Support of Defendant FAA's Motion to
24  Dismiss. (ECF No. 25). On August 30, 2019, Plaintiffs filed a second Response to
25  Defendant FAA's Reply Brief in Support of Defendant FAA's Motion to Dismiss. (ECF
26  No. 27).

27
28

## ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

Plaintiffs allege that Defendants lack "professionalism, ethical behavior and safe operations" and "[h]ave a professional responsibility to advocate and maintain safety, regulate flights in and out of airport, and ensure all regulations and rules are followed daily." (ECF No. 1 at 6). Plaintiffs allege that

> Defendants unnecessarily, dangerously, detoured aircraft to a specific place at a specific time. Our home a[n]d our business. Creating, a deliberate atmosphere of fear ([]kill zone).

*Id.* Plaintiffs allege that Defendant Chase "annexed our property into airport operation with criminal intent placing us in a kill zone." *Id.* at 7. Plaintiffs allege that Defendants drove them out of their home and forced the closure of their childcare business. *Id.* at 9.

## LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal on grounds that the court lacks jurisdiction over the subject matter. Fed R. Civ. P. 12(b)(1). The burden is on the plaintiff to establish that the court has subject matter jurisdiction over an action. *Assoc. of Medical Colleges v. United States,* 217 F.3d 770, 778-779 (9th Cir. 2000). In resolving an attack on a court's jurisdiction, the court may go outside the pleadings and consider evidence beyond the complaint relating to jurisdiction without converting the motion to dismiss into a motion for summary judgment. *Safe Air For Everyone v. Doyle,* 373 F.3d 1035, 1039 (9th Cir. 2004).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar,* 646 F.3d 1240, 1242 (9th Cir. 2011) (internal quotation omitted). "All

1 allegations of material fact are taken as true and construed in the light most favorable to
2 the nonmoving party." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

3      "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'
4 requires more than labels and conclusions, and a formulaic recitation of the elements of a
5 cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting
6 Fed. R. Civ. P. 8(a)). When considering a motion to dismiss, a court must accept as true
7 all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).
8 However, a court is not "required to accept as true allegations that are merely conclusory,
9 unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden St.*
10 *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion
11 to dismiss, the non-conclusory factual content, and reasonable inferences from that content,
12 must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret*
13 *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

14 **JUDICIAL NOTICE**

15      "As a general rule, 'a district court may not consider any material beyond the
16 pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th
17 Cir. 2001) (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)). However Federal
18 Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not
19 subject to reasonable dispute because it . . . is generally known within the trial court's
20 territorial jurisdiction; or . . . can be accurately and readily determined from sources whose
21 accuracy cannot reasonably be questioned." Fed R. Evid. 201(b). "[U]nder Fed. R. Evid.
22 201, a court may take judicial notice of 'matters of public record.'" *Lee*, 250 F.3d at 689
23 (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986)). Courts
24 may take judicial notice of "proceedings in other courts, both within and without the federal
25 judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel.*
26 *Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)
27 (citation and internal quotations omitted).

28

1    Defendant County requests judicial notice of Plaintiffs' Complaint filed in state
2  court in *Lewis et al v. McGowen et al*, No. 18-cv-0843-WQH-NLS (S.D. Cal. Mar. 13,
3  2019) ("*Lewis I*") (Ex. 1, ECF No. 9-2); this Court's Order granting Defendants' Motion
4  to Dismiss without prejudice in *Lewis I* (Ex. 2, ECF No. 9-2); and this Court's Order
5  granting Defendants' Motion to Dismiss with prejudice in *Lewis I* (Ex. 3, ECF No. 9-2).
6  Plaintiffs do not oppose the request for judicial notice. The Court takes judicial notice of
7  Plaintiffs' Complaint filed in state court in *Lewis I* (Ex. 1, ECF No. 9-2); this Court's Order
8  granting Defendants' Motion to Dismiss without prejudice in *Lewis I* (Ex. 2, ECF No. 9-
9  2); and this Court's Order granting Defendants' Motion to Dismiss with prejudice in *Lewis*
10 *I* (Ex. 3, ECF No. 9-2). *See Borneo, Inc.*, 971 F.2d at 248.

11                                    **DISCUSSION**

12  **A. Defendant Chase**

13    Defendant Chase contends that Plaintiffs' FAC should be dismissed on the grounds
14 that it lacks any cognizable legal theory and any factual allegations against Defendant
15 Chase. (ECF No. 4-1 at 5). Defendant Chase contends that Plaintiffs fail to identify any
16 duty that Defendant Chase owes Plaintiffs and fail to allege acts or omissions below the
17 standard of care to support a negligence claim. *Id.* at 4. Defendant Chase contends that
18 Plaintiffs fail to establish a work or employment relationship between Plaintiffs and
19 Defendant Chase to support a hostile work environment claim. *Id.* at 4-5. Plaintiffs
20 contend that the FAC is adequate and, in the event that the Court is inclined to grant
21 Defendant Chase's Motion to Dismission, request leave to file an amended complaint.
22 (ECF No. 15 at 8).

23    Plaintiffs' sole specific reference to Defendant Chase in the FAC is as follows:
24 "Chase Airport Management, Inc. annexed our property into airport operation with
25 criminal intent placing us in a kill zone." (ECF No. 1 at 7). The Court finds that the
26 allegations of the FAC related to Defendant Chase "are conclusory and not entitled to be
27 assumed true." *Iqbal*, 556 U.S. at 680–81. Plaintiff fails to allege facts to state a claim

28

1 | against Defendant Chase. The Motion to Dismiss by Defendant Chase (ECF No. 4) is
2 | granted.

3 | **B. Defendant FAA**

4 | Defendant FAA contends that Plaintiffs failed to wait the requisite six months for
5 | the FAA's investigative process to be complete before filing their Complaint. (ECF No.
6 | 6-1 at 1). Defendant FAA asserts that on January 22, 2019, Plaintiffs signed and dated an
7 | Administrative Claim to the FAA (Ex. A to George Decl., ECF No. 6-2 at 4). Defendant
8 | FAA asserts that on February 4, 2019, Defendant FAA received Plaintiffs' Claim. (George
9 | Decl. ¶ 4, ECF No. 6-2 at 2). Plaintiffs contend that the FAC is adequate and, in the event
10 | that the Court is inclined to grant Defendant Chase's Motion to Dismission, request leave
11 | to file an amended complaint. (ECF No. 15 at 8).

12 | Pursuant to the Federal Tort Claims Act, a jurisdictional prerequisite to bringing a
13 | lawsuit in federal court against the United States in tort is the filing of an administrative
14 | claim with the appropriate federal agency. *Jerves v. United States*, 966 F.2d 517, 518-19
15 | (9th Cir. 1992). Once the administrative claim has been filed, the federal agency has six
16 | months to act. 28 U.S.C. § 2675(a). The claimant can file a civil suit under the FTCA only
17 | after the agency either denies the claim in writing or fails to make a final disposition of the
18 | claim within six months after it is filed. *Id.* "'[T]he statutory procedure is clear.' A tort
19 | claimant may not commence proceedings in court against the United States without first
20 | filing . . . [a] claim with an appropriate federal agency and either receiving a conclusive
21 | denial of the claim from the agency or waiting for six months to elapse without a final
22 | disposition of the claim being made." *Jerves*, 966 F.2d at 519 (quoting *Caton v. United*
23 | *States*, 495 F.2d 635, 638 (9th Cir.1974)).

24 | Plaintiffs signed and dated an Administrative Claim to the FAA on January 22, 2019.
25 | Plaintiffs filed a Complaint on April 2, 2019 and a FAC on May 22, 2019 in California
26 | Superior Court. Plaintiffs did not wait the requisite six months for Defendant FAA to act.
27 | Defendant FAA made a final disposition of Plaintiffs' Administrative Claim on June 25,
28 |

2019. Plaintiffs' action against Defendant FAA was premature and the Court does not have subject matter jurisdiction over Plaintiffs' claims. *See Jerves*, 966 F.2d at 519.

A lawsuit filed prior to the exhaustion of a claimant's administrative claim is premature and must be dismissed. *McNeil v. United States*, 508 U.S. 106, 113 (1993). As a general rule, a premature complaint cannot be cured through amendment; instead, the claimant must file a new suit. *Duplan v. United States*, 188 F.3d 1195, 1199 (10th Cir. 1999) (citing *Sparrow v. USPS*, 823 F. Supp. 252, 254-55 (E.D. Cal. 1993)). "Allowing claimants generally to bring new suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system." *Duplan*, 188 F.3d at 1199. Any further amendment would be futile because Plaintiffs have failed to meet the pre-litigation, waiting-period requirement of the Federal Tort Claims Act.[1]

## C. Defendant County

Defendant County contends that Plaintiffs' FAC is "so vague and unconventional in form and style that it fails to inform the defendants what, exactly, they each are being accused of, and what relief is being sought from each defendant (as opposed to other defendants), and on what theory of liability." (ECF No. 9-1 at 11). In the alternative, Defendant County contends that Plaintiffs' FAC should be dismissed for failure to state a claim for two reasons: (1) Plaintiffs fail to plead facts that, if proved, would satisfy the essential elements of the alleged causes of action and (2) Plaintiffs' claims are barred by res judicata pursuant to this Court's Order dismissing Plaintiffs' Complaint with prejudice in a previous related case, *Lewis I. Id.* at 12; *see Lewis I*, No. 18-cv-0843-WQH-NLS, 2019 WL 142163 (S.D. Cal. Jan. 8, 2019).

---

[1] "The Federal Tort Claims Act (FTCA or Act) provides that a tort claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues' and then brought to federal court 'within six months' after the agency acts on the claim. 28 U.S.C. § 2401(b)." U.S. v. Kwai Fun Wong, 135 S.Ct. 1625, 1629 (2015).

Defendant County contends that both *Lewis I* and the current action arise out of the same transactional nucleus of facts: operations taking place at or near the Ramona Airport in San Diego, CA. (ECF No. 9-1 at 21). Defendant County contends that the alleged harm, the allegedly infringed rights, and the amount of damages sought are the same in both actions. *Id.* at 21. Defendant County contends that a final judgment on the merits was issued in *Lewis I. Id.* at 22. Defendant County contends that there is identity or privity between parties because San Diego County officials were sued in their official capacities in *Lewis I* and San Diego County itself is a Defendant in the current action. *Id.* at 22-23.

Pursuant to the doctrine of res judicata, "'a valid, final judgment on the merits precludes parties or their privies from relitigating the same cause of action in a subsequent suit.'" *San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement System*, 568 F.3d 725, 734 (9th Cir. 2009) (quoting *Le Parc Cmty. Ass'n v. Workers' Comp. Appeals Bd.*, 110 Cal. App.4th 1161 (2003)). "Thus three requirements have to be met: (1) the second lawsuit must involve the same cause of action as the first one, (2) there must have been a final judgment on the merits in the first lawsuit and (3) the party to be precluded must itself have been a party, or in privity with a party, to that first lawsuit." *San Diego Police Officers' Ass'n*, 568 F.3d at 734. The party asserting res judicata has the burden to demonstrate that its requirements are met. *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404 (9th Cir. 1985).

An identity of claims exists when two suits arise from the same transactional nucleus of facts. *Tahoe–Sierra Pres. Council v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003). Two events are part of the same transaction or series of transactions where the claims share a factual foundation such that they could have been tried together. *Western Systems, Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992). "Different theories supporting the same claim for relief must be brought in the initial action." *Id.* In *Lewis I*, the Complaint alleged that the Defendants "aided and abetted [a] racist bigoted hostile hate group" and "supported and empowered doe pilots acting in a racist bigoted host[ile] group directed towards our family." *Lewis I*, 2019 WL 142163, at *1. The Complaint further

alleged that the actions of the Defendants infringed upon Plaintiffs "right[ ] to live in peace without fear" and prevented Plaintiffs from "[o]perat[ing their] licensed childcare facility as [they] had done for the past 30 years." *Id.* In the current action, Plaintiffs allege that Defendants drove them out of their home and forced the closure of their childcare business. (ECF No. 1 at 9). In both Complaints, Plaintiffs seek damages in the amount of $25,000,000.00. (ECF No. 1 at 6; Ex. 1, ECF No. 9-2 at 10). The Court concludes that there is an identity of claims between *Lewis I* and the current action.

Pursuant to the second element, "the phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'" *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002); *see Headwaters, Inc. v. United States Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005) ("a stipulated dismissal of an action with prejudice in a federal district court generally constitutes a final judgment on the merits and precludes a party from reasserting the same claims in a subsequent action in the same court"); *see also Classic Auto Refinishing, Inc. v. Marino (In re Marino)*, 181 F.3d 1142, 1144 (9th Cir. 1999) ("We, of course, have no quarrel with the general premise that a dismissal with prejudice has res judicata effect. There can be little doubt that a dismissal with prejudice bars any further action between the parties on the issues subtended by the case."). In addition, "Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies." *Stewart*, 297 F.3d at 957 (citing to *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n. 3 (1981)). In *Lewis I*, this Court issued an Order granting Defendants' Motion to Dismiss for failure to state a claim under Rule 12(b)(6) and dismissing Plaintiffs' Complaint with prejudice. *Lewis I*, 2019 WL 142163, at *3. The court concludes that there was a final judgment on the merits in *Lewis I*.

Pursuant to the third element, "[a] suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (citing *McRorie v. Shimoda*, 795 F.2d 780, 783 (9th Cir. 1986)); *see also Rivera v. County of San Bernardino*, No. CV 16-795 PSG (KSx),

1    2017 WL 5643153, at *9 n.2 (C.D. Cal. Mar. 8, 2017) ("To the extent that Plaintiff asserts

2    the § 1983 claim against Sheriff Gore in his official capacity, such a claim is duplicative

3    of Plaintiff's claim against the County of San Diego and is dismissed with prejudice.");

4    *Normandeau v. City of Phoenix*, 516 F.Supp.2d 1054, 1070 (D. Ariz. 2005) ("Ms. Stanton,

5    whom Plaintiff sued in her official capacity as Director of MVD, is in privity with the

6    MVD, which was a defendant in the 1991 Complaint."). In *Lewis I*, "Defendants William

7    Gore, Dianne Jacob and Helen Robbins-Meyer [were] public employees of the state of

8    California" and the County of San Diego. *Lewis I*, 2019 WL 142163, at *1-2. In *Lewis I*,

9    Plaintiffs filed a Complaint against Defendants Gore, Jacob, and Robbins-Meyer "for

10    injury resulting from an act or omission in the scope of [their] employment as a public

11    employee." *Id.* at 2. In the current action, Plaintiffs filed a Complaint against the County

12    of San Diego. The Court concludes that Defendant County was in privity with Defendants

13    Gore, Jacob, and Robbins-Meyer in *Lewis I*. The Court concludes that all elements of res

14    judicata are met. Plaintiffs' claim against Defendant County of San Diego is barred by the

15    doctrine of res judicata. Any amended complaint that Plaintiff could bring would be barred

16    by the application of res judicata, rendering amendment futile. [2]

## CONCLUSION

18    IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendant Chase

19    Airport Management Inc. (ECF No. 4) is GRANTED with leave to amend.

20    IT IS FURTHER ORDERED that the Motion to Dismiss filed by Defendant Federal

21    Aviation Administration (ECF No. 6) is GRANTED. Plaintiffs' First Amended Complaint

22    is DISMISSED as to Defendant Federal Aviation Administration with prejudice.

---

[2] The Court has considered Plaintiffs' pro se status. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (Pro se pleadings are held to a less stringent standard than those drafted by lawyers). Although a pro se plaintiff is normally entitled to notice and an opportunity to amend before dismissal, it is clear in this instance that no amendment can cure the defects of claims brought against Defendant Federal Aviation Administration and Defendant County of San Diego. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved.")

IT IS FURTHER ORDERED that the Motion to Dismiss filed by Defendant County of San Diego (ECF No. 9) is GRANTED. Plaintiffs' First Amended Complaint is DISMISSED as to Defendant County of San Diego with prejudice.

IT IS FUTHER ORDERED that the Motion to Strike a Prayer for Punitive Damages filed by Defendant County of San Diego (ECF No. 9) is DENIED as moot.

Plaintiff may file a Motion to File an Amended Complaint within sixty (60) says of the date of this Order. If no motion is filed, the Clerk of the Court shall close this case.

DATED:  11/1/19

**WILLIAM Q. HAYES**
United States District Judge