UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS J. LEWIS and LETICIA G. LEWIS,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>CHASE AIRPORT MANAGEMENT INC.; COUNTY OF SAN DIEGO; FEDERAL AVIATION ADMINISTRATION; and DOES 1-100,<br><br>　　　　　　　　Defendants. | Case No.: 3:19-cv-01152-WQH-NLS<br><br>**ORDER** |

HAYES, Judge:

　　The matters before the Court are the Motion to Dismiss filed by Defendant Chase Airport Management Inc. (ECF No. 39); the Motion to Dismiss filed by Defendant County of San Diego (ECF No. 40); and the Joint Motion to Strike filed by Plaintiffs Thomas J. Lewis and Leticia G. Lewis (ECF No. 44).

**I.　PROCEDURAL HISTORY**

　　On April 2, 2019, Plaintiffs Thomas J. Lewis and Leticia G. Lewis commenced this action by filing a Complaint in the Superior Court of California for the County of San Diego, assigned case number 37-2019-00016853-CU-PO-CTL. *See* ECF No. 1 at 1, 5. On

May 22, 2019, Plaintiffs filed the First Amended Complaint ("FAC") against Defendants Chase Airport Management Inc. ("Chase"); the Federal Aviation Administration ("FAA"); and the County of San Diego ("County"). *See id*. at 2, 5. Plaintiffs brought the following five causes of action: (1) negligence; (2) harassment; (3) hostile work environment; (4) hostile living environment; and (5) emotional distress. *See id*. at 5. Plaintiffs sought to "[h]old [Defendants] Doe [P]ilots criminally accountable", declaratory relief, an unspecified sum in compensatory damages, and punitive damages in the amount of $25,000,000. *Id*. at 6. On June 19, 2019, Defendant FAA removed the action to this Court on the basis of federal question jurisdiction, specifically 28 U.S.C. § 1442(a)(1). *See id*. at 2.

On June 25, 2019, Defendant Chase filed a Motion to Dismiss Plaintiffs' FAC for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 4). On June 26, 2019, Defendant FAA filed a Motion to Dismiss Plaintiffs' FAC for lack of subject matter jurisdiction. (ECF No. 6). On the same day, Defendant County filed a Motion for a More Definite Statement or, in the alternative, a Motion to Dismiss Plaintiffs' FAC for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and a Motion to Strike Plaintiffs' prayer for punitive damages. (ECF No. 9).

On November 6, 2019, the Court granted the Motion to Dismiss filed by Defendant Chase (ECF No. 4) without prejudice, granted the Motion to Dismiss filed by Defendant FAA (ECF No. 6) with prejudice, and granted the Motion to Dismiss filed by Defendant County (ECF No. 9) with prejudice. *See* ECF No. 28 at 10-11. In addition, the Court denied as moot the Motion to Strike Plaintiffs' prayer for punitive damages filed by Defendant County (ECF No. 9). *See* ECF No. 28 at 11.

On April 13, 2020, Plaintiffs filed a Motion to Amend Complaint. (ECF No. 36). On May 21, 2020, the Court granted the Motion to Amend Complaint filed by Plaintiffs (ECF No. 36). (ECF No. 37). On June 17, 2020, Plaintiffs filed a Second Amended Complaint ("SAC"). (ECF No. 38).

On June 26, 2020, Defendant Chase filed a Motion to Dismiss Plaintiffs' SAC for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 39).[1]  On July 1, 2020, Defendant County filed a Motion to Dismiss Plaintiffs' SAC for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 40).[2]

On July 20, 2020, Plaintiffs filed a Response in opposition to Defendant Chase's Motion to Dismiss (ECF No. 39).  (ECF No. 42).  The record reflects that Plaintiffs have not filed a Response in opposition to Defendant County's Motion to Dismiss (ECF No. 40).  On July 24, 2020, Plaintiffs filed a Joint Motion to Strike.  (ECF No. 44).[3]

On July 27, 2020, Defendant Chase filed a Reply.  (ECF No. 45).  On the same day, Defendant County filed a Statement regarding Plaintiffs' non-opposition to Defendant County's Motion to Dismiss and a Request for Entry of Judgment.  (ECF No. 46).

## II.    DISCUSSION

Rule 10 of the Federal Rules of Civil Procedure requires that the caption of a Complaint "name all the parties . . . ."  Fed. R. Civ. P. 10(a).  However, "the question of whether a defendant is properly in a case is not resolved merely by reading the caption of a complaint."  *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983).  "Rather, a party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant."  *Id*.  In other words, "the caption of an action is only the handle to identify it and ordinarily the determination of whether or not a defendant is properly in the case hinges upon the allegations in the body

---

[1] Defendant Chase requests judicial notice of Exhibit A (ECF No. 39-2 at 3-7) to Defendant Chase's Motion to Dismiss.  *See* ECF No. 39-2.  The Court has not considered this exhibit in resolving this Order.
[2] Defendant County requests judicial notice of the following six documents: 1) the Court's November 6, 2019 Order (ECF No. 28); 2) Plaintiffs' FAC (ECF No. 1); 3) Plaintiffs' Motion to Amend Complaint (ECF No. 36); 4) the Court's May 21, 2020 Order (ECF No. 37); 5) the Court's January 8, 2019 Order filed in *Thomas J. Lewis, et al. v. Bill McGowen, et al.*, No. 3:18-cv-00843-WQH-NLS ("*Lewis I*"); and 6) Plaintiffs' Complaint filed in *Lewis I*.  *See* ECF No. 40-2.  The Court has not considered these exhibits in resolving this Order.
[3] Only Plaintiffs' signatures appear on the Joint Motion to Strike.  *See* ECF No. 44 at 2.

of the complaint and not upon his inclusion in the caption." *Hoffman v. Halden*, 268 F.2d 280, 303-04 (9th Cir. 1959), *overruled on other grounds by Cohen v. Norris*, 300 F.2d 24 (9th Cir. 1962). "While the caption of a complaint is helpful to the court it is usually not considered part of the pleader's statement of claim and is not determinative as to the parties to the action." *Sands v. Arizona Dep't of Corr.*, 909 F.2d 1489, at *2 (9th Cir. 1990). This method of determining parties to an action avoids reliance on procedural technicalities and comports with the liberal construal afforded pro se complaints. *See e.g.*, *Vickerman v. Dep't of Hous. & Urban Dev.*, No. 03:03–CV–00222–LRH–VPC, 2008 WL 3413326, at *3-4 (D. Nev. Aug. 8, 2008) (same); *Miller v. HRHH Gaming, LLC*, No. 2:09-cv-01413-RLH-GWF, 2010 WL 11632857, at *3 (D. Nev. Jan. 27, 2010) (same).

In this case, Plaintiffs identify Defendants Chase, FAA, and County in the caption of the SAC. *See* ECF No. 38 at 1. However, Plaintiffs' sole references to Defendant FAA occur in the following instances: the FAA registration numbers of two individuals who are not parties to this action (*see id*. at 4, 5); the allegation that "Defendant Chase solicited/provided false information to local aircraft schools, local FAA employees, [and] local Sheriffs with pilots licenses" (*id*. at 6); and the allegation that "Defendant Chase inactions to enforce county, FAA, and state rules and regulation regarding airports with racist bias" (*id*. at 8). Plaintiffs' sole reference to Defendant County occurs in the allegation that "Defendant Chase inactions to enforce county, FAA, and state rules and regulation regarding airports with racist bias." *Id*. at 8. In the Joint Motion to Strike, Plaintiffs "ask[] the [C]ourt to . . . [s]trike the County of San Diego [ ] and the Federal Aviation Administration [ ] from the [c]aption." (ECF No. 44 at 1). Plaintiffs do not bring any claims against or request any relief from Defendants FAA or County. The Court concludes that the SAC alleges claims solely against Defendant Chase. *See e.g.*, *Sands*, 909 F.2d at *2 ("Because the ADOC cannot be sued under § 1983 for damages and because Sands failed to make specific allegations requesting prospective relief against it in its complaint, the district court did not err holding that ADOC was not a proper party to the complaint."); *Raya v. Barka*, No. 19-cv-2295-WQH-AHG, 2020 WL 3469374, at *3 (S.D. Cal. June 25,

2020) ("Raya names the 401(k) Plan and the Pension Plan in the caption of the Complaint and in the 'Parties' section of the Complaint. . . . However, Raya does not bring any claim in the body of the Complaint against the 401(k) Plan or the Pension Plan. Defendants' Motion to Dismiss the Calbiotech, Inc. 401(k) Profit Sharing Plan and the Calbiotech, Inc. Pension Plan 401(k) Plan as Defendants is granted.").

A defendant may remove a civil action from state court to federal court based on either federal question or diversity jurisdiction. *See* 28 U.S.C. § 1441. "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). "[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). "Dismissal of the federal claim would . . . ordinarily . . . authorize[] the district court to remand the pendent state law claims." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006) (citing 28 U.S.C. § 1367(c)(3)).

"Supreme Court and Ninth Circuit precedent teaches us that the district court is in the best position to judge the extent of resources invested in a case and that, therefore, the district court's discretion ought not be lightly disturbed." *Schneider v. TRW, Inc.*, 938 F.2d 986, 993-94 (9th Cir. 1991). "[I]n the *usual* case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction

over the remaining state law claims." *Id.* at 993 (second alteration in original). "Depending on a host of factors, then—including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims—district courts may decline to exercise jurisdiction over supplemental state law claims." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the *Gibbs* values of economy, convenience, fairness, and comity." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).

In this case, Defendant FAA removed the action to this Court solely on the basis of federal question jurisdiction, specifically 28 U.S.C. § 1442(a)(1). *See* ECF No. 1 at 2. The Notice of Removal does not assert diversity jurisdiction.[4] The remaining causes of action in this case are two state-law claims asserted against Defendant Chase: negligence and fraud. *See* ECF No. 38 at 1-11. Plaintiffs allege only California state-law claims and no federal causes of action in the SAC. The Court has not addressed the merits of Plaintiffs' claims. Taking into consideration the values of economy, convenience, fairness, and comity, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state-law claims. *See e.g., Stocco v. Gemological Inst. of Am., Inc.*, No. 12–CV–1291 WQH (DHB), 2015 WL 728649, at *3 (S.D. Cal. Feb. 19, 2015) ("In this case, Defendant GIA removed the action to this Court on the basis of federal question jurisdiction. . . . The notice of removal does not assert diversity of citizenship. The remaining claims in this case are three counterclaims asserted by Defendant GIA against all Plaintiffs: (1) breach of contract; (2) breach of contract; and (3) fraud. . . . Taking into consideration the values of economy,

---

[4] Even if diversity of citizenship was asserted in the Notice of Removal, diversity jurisdiction does not exist in this case. Plaintiffs fail to allege facts regarding their citizenship and the citizenship of Defendants.

convenience, fairness, and comity, the Court declines to exercise supplemental jurisdiction over Defendant GIA's state-law counterclaims.").

### III. CONCLUSION

IT IS HEREBY ORDERED that this action is REMANDED to the Superior Court of California for the County of San Diego, where it was originally filed and assigned case number 37-2019-00016853-CU-PO-CTL.

IT IS FURTHER ORDERED that the Motion to Dismiss filed by Defendant Chase Airport Management Inc. (ECF No. 39) is DENIED as moot.

IT IS FURTHER ORDERED that the Motion to Dismiss filed by Defendant County of San Diego (ECF No. 40) is DENIED as moot.

IT IS FURTHER ORDERED that the Joint Motion to Strike filed by Plaintiffs Thomas J. Lewis and Leticia G. Lewis (ECF No. 44) is DENIED as moot.

Dated: August 13, 2020

*/s/ William Q. Hayes*
Hon. William Q. Hayes
United States District Court